Wilson v. Johnson.

---

MARY E. WILSON *et al.* v. MATILDA JOHNSON.

No. 336.

1. ESTATES IN ENTIRETY — *Joint Tenancies — Survivorship.*   Es-
tates in entirety and joint tenancies are recognized by our su-
preme court as existing in Kansas, and until the passage of
chapter 203, Laws of 1891, the right of survivorship under the
common law was in full force and effect.

2. ———— *Method of Transfer.*   Where a husband and wife own
an estate in entirety they can be divested of such estate and be-
come tenants in common only by executing a regular conveyance
or by a contract legally entered into between them.

3. ———— *Will — Insufficient Transfer.*   Where a wife who is one
of the owners of an estate in entirety in a homestead states in her
will that, she owns an estate as tenant in common with her hus-

band, each owning the undivided one-half thereof, and devises a life-estate to him, and her interest in such homestead, after such life-estate, to another, and she also in the same will bequeaths all of her household goods and other property to the same legatee, *held*, that this is not a sufficient contract or conveyance upon her part to divest her of the estate in entirety and create an estate of tenancy in common as to her.

4. ———— *Husband and Wife—Consent to Will.* Where the husband, who is the other owner of an estate in entirety, consents to the conditions of the will mentioned in the third syllabus, and to the disposition of the property thereunder, *held*, that such consent is not a sufficient contract or conveyance upon his part to divest him of his estate in entirety and create an estate of tenancy in common as to him.

5. ———— *Transfer—no Consideration.* For the purpose of construing such will and consent as a contract, we are unable to find a consideration passing to the husband to recompense him for transferring his contingent estate in fee simple.

MEMORANDUM.— Error from Franklin district court; A. W. BENSON, judge. Action in ejectment by Matilda Johnson against Mary E. Wilson and others. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein, filed October 7, 1896, states the material facts.

*Wm. H. Clark*, for plaintiffs in error.

*John W. Deford*, and *H. P. Welsh*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : This is an action brought in the district court of Franklin county by Matilda Johnson to recover the possession of the undivided one-half of certain real estate, and to procure the partition thereof. Plaintiff alleged ownership in herself, and claimed that Mary E. Wilson, William M. Wilson and J. R. Barnett, defendants, were wrongfully withholding the possession from her. Barnett filed a disclaimer, alleg-

ing that he was a tenant under James Davis. On February 24, 1884, George W. Dawson and wife by warranty deed conveyed to James Davis and Catherine Davis lots 13, 15, and the north 19 feet of lot 17, in block 55, in the original town site of Ottawa, Franklin county, Kansas. James Davis and Catherine Davis were at that time husband and wife, and, from about the time of the conveyance above mentioned until their death, they occupied the above premises as their homestead. On February 7, 1887, Catherine Davis executed a will, which contained, among other things, the following sections:

"2. Since the homestead where I now live with my husband, James Davis, to wit, lots 13, 15, and north 19 feet of lot 17, block 55, Ottawa city, is now owned by both of us as tenants in common, each of us owning the undivided one-half thereof, and in order that my husband may have the use of said homestead, I hereby give and devise to my said husband, James Davis, the possession, use and control of all my interests in and to said homestead, for and during the natural life of my said husband, and also the use of all the household furniture therein.

"3. I give, bequeath and devise to my sister, Matilda Johnson, and to her heirs and assigns forever, all my property of every kind and nature, both real and personal, to have, hold, use, control and dispose of as to her may seem best, including all my interest in said homestead above mentioned, and said household furniture, subject, however, to the life-estate of my said husband in the property mentioned in item 2 of this will."

Attached to said will is the following statement made by James Davis:

"I, James Davis, the husband of Catherine Davis, having been made acquainted with the provisions of the within will and of the disposition therein made by said Catherine Davis of her property, do hereby

consent to the same.     Witness my hand, this 7th day of February, 1887.                    JAMᵉˢ DAVIS."

" We hereby certify that the said James Davis signed the above consent in our presence, this 7th day of February, 1887.                    MAGGIE DAVIS.
                                        LUCY J. LATIMER.
                                        WM. H. CLARK."

On June 23, 1888, Catherine Davis died, and, on June 25, her will, as above stated was duly probated. The claim of the plaintiff below, Matilda Johnson, is based upon the above facts.

On December 15, 1888, James Davis executed a will, which contained among other things the following section :

" 2. To Mary E. Wilson and William M. Wilson, her husband, I give, bequeath, and devise, in fee simple absolute, all the following-described real estate, situated in Franklin county, Kansas, to wit : Lots 13 and 15, and the north 19 feet of 17, in block 55, in the city of Ottawa, Franklin county, Kansas, to have and to hold, to them, their heirs and assigns, forever."

On November 5, 1890, James Davis died, and, on November 10, 1890, his will was duly probated.     The defendants below are in possession of the property, claiming title under the will of James Davis.     The case was tried by the court without a jury, and judgment was rendered against the plaintiffs in error, defendants below, the Wilsons.     They bring the case here for review.

The only question to be determined by us is, Did the will of Catherine Davis and the consent of James Davis attached thereto vest the title to the real estate in dispute in Matilda Johnson after the life-estate of James Davis had been determined?     It must be conceded that the deed from Dawson and wife conveyed

to James Davis and Catherine Davis an estate in entirety in the real estate. Estates in entirety and joint tenancies are recognized by our supreme court as existing in Kansas, and, until the passage of chapter 203, Laws of 1891, the right of survivorship under the common law was in full force and effect. (*Baker v. Stewart*, 40 Kan. 442 ; *Shinn v. Shinn*, 42 id. 1 ; *Simons v. McLain*, 51 id. 160.) In estates in entirety, held by husband and wife, each owns a life-estate and a contingent estate in fee simple in the entire estate. The contingent estate is founded solely upon survivorship. The survivor takes the whole estate. The estate of the one who dies first is ended at death. The life-estate of that one is ended, and the contingency has occurred which vests the entire estate in the survivor. The deceased never has been vested with such an estate as could have been transmitted to his or her heirs, either by will or otherwise.

In the case at bar, the following language is contained in the will of Catherine Davis : " Since the homestead where I now live with my husband, James Davis, . . . . is now owned by both of us as tenants in common, each of us owning the undivided one-half thereof. . . ." The defendant in error contends that the consent of James Davis to the provisions of his wife's will and the disposition of her property was, in fact, a deed, whereby he agreed to stand seized thenceforth as tenant in common with her, and that, being a tenant in common, the devise of her one-half of the property is valid. This is the pivotal point in this case. If by the will of Catherine Davis and the consent of James Davis attached thereto the estate in entirety was destroyed, and they thereafter held the estate as tenants in common, then the judgment of the district court is correct and must be af-

firmed; otherwise the judgment must be reversed.   If Mrs. Davis was a tenant in common with Mr. Davis, she could, with the consent of her husband, have devised her one-half to Mrs. Johnson.   If she owned the estate in entirety with Mr. Davis, she could not have devised her interest therein.   In the nature of things a life-estate cannot be devised.   The only estate which could have been devised was the contingent estate which goes to the survivor.   As Mrs. Davis was not the survivor she had no descendible estate in the homestead.

In analyzing the will of Mrs. Davis, it is clearly apparent that she was ignorant of the estate she owned in the homestead.   She says that she is a tenant in common with Mr. Davis, and owns the undivided one-half of such homestead.   The fact is, she was the owner of an estate in entirety with her husband.   She was solicitous of securing to her husband a life-estate, and attempted to do so by the will.   He already had a life-estate.   Had she been fully apprised of the interest she had in the homestead, we do not know what she might have desired to do, unless we are guided by the provisions of the will.   We have only to deal with what she did.   At the time she was about to make the will she owned the estate in entirety.   Is the assumption in the will that as tenant in common she owned the undivided one-half thereof sufficient upon her part to change her estate in the homestead?   At the time of the making of Mrs. Davis's will James Davis owned the estate in entirety. Is his statement that he had been made acquainted with the provisions of Mrs. Davis's will and the disposition made of her property thereby, to which he consents, sufficient upon his part to change his estate in the homestead?   To answer each of these questions in

the affirmative, we must decide that the effect of the will of Catherine Davis was to convey to James Davis her quitclaim interest in the undivided one-half of the homestead, and that the effect of the consent signed by James Davis was to convey to Catherine Davis his quitclaim interest in the undivided one-half of the homestead; and we must further decide that such conveyances took effect at once. If it is to take effect only upon the death of either of the makers, it is testamentary in its nature, and not a conveyance. If it is to pass a present interest, although its possession and enjoyment may not accrue until some future time, it is a conveyance of contract. (*Reed v. Hazleton*, 37 Kan. 321.) If we determine that Mr. and Mrs. Davis divested themselves of their estate in entirety and became owners of the homestead as tenants in common, it should clearly appear that they did so by regularly executed conveyances or by a contract legally entered into between them. There is no contention that there is any conveyance other than the will of Catharine Davis and the consent of James Davis. We must establish these instruments as conveyances of their estates in entirety upon the theory that the will and consent are a contract between them, by which each agrees to change the estate from an estate in entirety to one of tenancy in common. We fail to see how an analysis of the will and consent can be made more favorable to the claim of the defendant in error. We find Mr. and Mrs. Davis in possession of their homestead, each owning an estate in entirety in the same. Surely a person's title to his property or his rights or estate therein cannot be divested except by some process of law or by some contract between him and another. Interpreting the will and consent as a contract, we find James Davis and his wife each seized of an estate

48—4 KAN. APP.

for life and a contingent estate in fee simple in the homestead. In section 2 of the will, Mrs. Davis first assumes that she owns an interest which she does not own, and then devises James Davis a life-estate in the homestead and all the household furniture therein. In section 3, she devises and bequeaths all of her property to Matilda Johnson, including her interest in the homestead and all the household furniture contained therein, subject to the life-estate of Mr. Davis. When James Davis signed the consent, which he did in the presence of two witnesses besides the one whom he had sign for him, as he was unable to write, it must be assumed that he did so to enable his wife to bequeath away property which she could not otherwise have done, as is provided in paragraph 7239, General Statutes of 1889, which reads as follows :

"No man, while married, shall bequeath away from his wife more than one-half of his property, nor shall any woman, while married, bequeath away from her husband more than one-half of her property. But either may consent, in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

It will be noticed that the will speaks of all the household furniture and "*all my property* of every kind and nature, both real and personal, . . . including *all my interest* in said homestead." Mrs. Davis was at least bequeathing away from her husband more than one-half of her household furniture, which she could not do without his consent, executed in the presence of two witnesses. It seems more reasonable to us to suppose that he signed the consent to permit her to do this, than it does to suppose that he signed it to permit her to devise away from him his own property, to wit, his contingent estate in fee sim-

ple in the homestead.  By the writing, itself, he consents to the disposition she makes of her property. There is no consent or authority that she may devise his contingent estate in fee simple.  The will devises Catherine Davis's interest in the homestead, not James Davis's interest.  Had Catherine Davis survived James Davis, the will would have devised the interest of Catherine Davis, which would have been the entire estate in fee simple.  James Davis being the survivor, Catherine Davis had no descendible interest, and the defendant in error took no interest in the homestead under her will.

If we are to construe these transactions as a contract between Mr. and Mrs. Davis, all the elements of a contract must appear.  Not only must they have contracted understandingly, and their minds have met upon the same proposition, but a consideration must have passed between them.  If either is to receive nothing, we cannot construe the transaction as a contract.

Admitting all the contentions of the defendant in error, we are unable to discover what consideration was to pass to James Davis.  Certainly not the life-estate.  It was already his.  He signed the consent to permit his wife to bequeath her property which is provided for by statute, and this consent imports its own consideration; but when we are asked to construe that consent into a conveyance of an interest or estate in his property, the consideration therefor must appear.  James Davis did not recognize the right of Matilda Johnson to the property, for, while he was in possession of the property, he made the will by which he bequeathed and devised "in fee simple absolute" all the homestead in question to Mary E. and William M. Wilson.

It is claimed that James Davis acquiesced in the will of his wife by giving up the household goods to the legatee, and that although he lived more than two years after the probate of Mrs. Davis's will he never contested the validity of it. No one questions the validity of the will now. The plaintiffs in error have questioned the execution of the consent by James Davis, but we deem it unnecessary to consider that point.

The judgment of the district court is reversed, and the cause remanded, with instructions to render judgment for the defendants below.

All the Judges concurring.